DETERMINED IN THE

# SECOND DEPARTMENT

IN THE

## APPELLATE DIVISION,

### 𝔐𝔞𝔶, 1905.

---

JOSEPH VOLLKOMMER, Appellant, v. COLUMBIA PAPER BAG COM-
PANY, Respondent.

*Order removing a cause from the New York Municipal Court to the Supreme Court
— when made without jurisdiction the Supreme Court should remand the case.*

Where a justice of the Municipal Court of the city of New York assumes,
although he has not jurisdiction to do so, to make an order removing an action
pending before him to the Supreme Court, the latter court may properly make
an order remanding the case to the Municipal Court, and it is not necessary
for the parties to the action to apply to the Municipal Court for the vacation
of the order of removal.

APPEAL by the plaintiff, Joseph Vollkommer, from an order of
the Supreme Court, made at the Kings County Special Term and
entered in the office of the clerk of the county of Kings on the
30th day of December, 1904, as resettled by an order entered in
said clerk's office on the 18th day of January, 1905, denying the
plaintiff's motion to remand this cause to the Municipal Court of
the city of New York, borough of Brooklyn.

*Francis B. Mullin,* for the appellant.

*Charles Thaddeus Terry* [*J. Day Lee* with him on the brief],
for the respondent.

PER CURIAM:

On the 22d day of July, 1904, a justice of the Municipal Court
of the city of New York, sitting in the third judicial district of the

borough of Brooklyn, made an order removing this action to the Supreme Court in Kings county. This order was made in the exercise of the authority supposed to be vested in said justice by section 3 of the Municipal Court Act of New York city (Laws of 1902, chap. 580). But that section had been repealed by the Legislature of 1904 by an act which took effect on the first day of June in that year before the order of removal was made. (Laws of 1904, chap. 598, §§ 1, 4.) The fact of this repeal was doubtless unknown to the Municipal Court justice. The order of removal having thus been made at the instance of the defendant without jurisdiction the plaintiff asked the Supreme Court to make an order remanding the case to the Municipal Court, but his application for this relief has been denied apparently on the ground either that he has voluntarily submitted to the jurisdiction of the Supreme Court or that an order of remand was unnecessary, inasmuch as the order of removal was void.

The facts developed upon the motion do not in our opinion make out a voluntary submission on the part of the plaintiff to the jurisdiction of the Supreme Court, and we think that an order remanding the cause may properly be made and ought to be made in order to leave no doubt as to the authority of the Municipal Court to proceed to a trial and determination of the action. We cannot concur with the contention in behalf of the respondent that the plaintiff's proper remedy was to apply to the Municipal Court to vacate the order of removal, and if that application had been denied to appeal therefrom. There is no provision in the Municipal Court Act for an appeal from such an order.

The order under review should be reversed and the plaintiff's motion granted.

Present — HIRSCHBERG, P. J., BARTLETT, WOODWARD, JENKS and MILLER, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs.